# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-3011

_____

Birdell McCall, on behalf of himself and all other persons similarly situated

*Plaintiff - Appellant*

v.

Disabled American Veterans, Ernestine Schumann-Heink Missouri Chapter 2; Red Racks Thrift Store, LLC; Douglas DePew; James Hayworth

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: March 13, 2013
Filed: July 31, 2013

_____

Before MURPHY, SMITH, and GRUENDER, Circuit Judges.

_____

SMITH, Circuit Judge.

Birdell McCall drove trucks for the Red Racks Thrift Store ("Red Racks"), which was operated by the Disabled American Veterans (DAV). The trucks that McCall operated had an actual weight of less than 10,000 pounds but a gross vehicle weight rating (GVWR) of greater than 10,000 pounds. McCall, a salaried employee ordinarily ineligible for overtime, filed a wage claim against DAV, seeking overtime

pay. McCall alleged that he should be considered a "covered employee" under § 306 of the Safe, Accountable, Flexible, Efficient Transportation Equity Act (SAFETEA-LU) Technical Corrections Act (TCA) and thus eligible for overtime. *See* Pub. L. No. 110-244, Title III, § 306, 122 Stat. 1572, 1620 (2008). According to McCall, the trucks that he drove actually weighed less than 10,000 pounds, resulting in his eligibility for overtime under the TCA. The district court[1] granted DAV's motion for summary judgment and denied McCall's motion for partial summary judgment. We affirm.

## I. *Background*

McCall drove trucks for Red Racks in Blue Springs, Missouri. McCall used the trucks to collect donated items from various locations. Sometimes, McCall's hours exceed 40 hours per week. Generally, under the Fair Labor Standards Act (FLSA), an employee who works in excess of 40 hours per week is entitled to be paid one-and-a-half times his or her regular pay rate for the excess hours. *See* 29 U.S.C. § 207(a)(1). But this FLSA provision is inapplicable to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49." *Id.* § 213(b)(1). As the district court observed, "[t]his exemption is commonly referred to as the Motor Carrier Act Exemption [(MCAE)]." *McCall v. Disabled Am. Veterans Ernestine Schumann-Heink Mo. Chapter 2*, No. 11–1298–CV–W–ODS, 2012 WL 3069845, at *1 (W.D. Mo. July 27, 2012).

Under 49 U.S.C. § 31502(b)(2), "[t]he Secretary of Transportation may prescribe requirements for . . . qualifications and maximum hours of service of employees of . . . a motor private carrier, when needed to promote safety of operation." "A 'motor private carrier' is defined in 49 U.S.C. § 13102(15), and before

---

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

August 2005[,] the definition described a person who transported property by any motor vehicle regardless of the vehicle's weight." *See McCall*, 2012 WL 3069845, at *2. In 2005, Congress enacted the SAFETEA-LU, Pub. L. No. 109-59, 119 Stat. 1144 (2005). In accordance with SAFETEA-LU, the MCAE now only exempts employees from the FLSA who operate a "commercial motor vehicle," as that term is defined in 49 U.S.C. § 31132. *See id*. Title IV, § 4142(a). For purposes of this appeal, the relevant element in the definition of a "commercial motor vehicle" is its weight. A commercial motor vehicle "has a [GVWR] or gross vehicle weight of at least 10,001 pounds, whichever is greater." 49 U.S.C. § 31132(1)(A).

> In 2008, Congress passed the TCA, thereby amending the SAFETEA-LU.

> The TCA amended the definition of "motor private carrier" by defining it as a "motor vehicle" and not a "commercial motor vehicle," thus returning the pre-SAFET[E]A[-LU] definition and again expanding the Secretary's authority. In a provision apparently not codified in the United States Code, the TCA also decreed that the overtime provisions contained in 29 U.S.C. § 207 would apply to "a covered employee" notwithstanding the [MCAE], and further defined a "covered employee" to include, as relevant here, a driver of a motor vehicle "weighing 10,000 pounds or less." Pub. L. No. 110-244, Title III, § 306 (2008).

*McCall*, 2012 WL 3069845, at *2.

From approximately March 2011 to October 2011, McCall was a salaried employee and thus received no pay for overtime hours. It is undisputed that, during the course of his employment, McCall drove trucks that had actual weights of less than 10,000 pounds but a GVWR of more than 10,000 pounds. In other words, McCall operated trucks that were rated to carry substantially heavier loads than the loads he actually transported.

McCall sued DAV, claiming that he sometimes worked more than 40 hours per week driving a truck with an actual weight of less than 10,000 pounds. McCall argued that he should have received overtime pay under the FLSA and the TCA. McCall moved for partial summary judgment to determine the application of the TCA. DAV also moved for summary judgment. The district court denied McCall's motion for partial summary judgment and granted DAV's motion. The district court found that the proper measure of a vehicle's weight for purposes of the TCA is its GVWR. *McCall*, 2012 WL 3069845, at *2. The court based its conclusion upon the Department of Labor's Field Service Bulletin No. 2010-2 ("the Bulletin"). *Id*. The court observed that the Bulletin represented the Department of Labor's "interpretation of statutory provisions it is charged with enforcing" and is entitled to deference. *Id*. The Bulletin made clear that FLSA overtime requirements only applied to vehicles with a GVWR of less than 10,000 pounds. *See id*. McCall's vehicle had a GVWR exceeding 10,000 pounds; consequently, FLSA overtime protections did not apply to him. *See id*. The district court also concluded that this interpretation advanced certainty in interpretation and was "consistent with the Secretary of Transportation's entire statutory and regulatory framework, which elsewhere typically relies on GVWR when referencing the weight of vehicles." *Id*.

## II. *Discussion*

On appeal, McCall argues that the MCAE to the FLSA did not apply to his employment because the TCA expressly provides overtime rights to covered employees, whose vehicle weigh 10,000 pounds or less. McCall maintains that because the actual weight of the loaded vehicle that he drove never exceeded 10,000 pounds, FLSA overtime provisions apply to him and he is entitled to overtime.

We review a district court's grant of summary judgment de novo. *Johnson v. Carroll*, 658 F.3d 819, 825 (8th Cir. 2011). "'Summary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issues of material fact exist and the movant is entitled

to judgment as a matter of law.'" *Id.* (quoting *Hayek v. City of St. Paul*, 488 F.3d 1049, 1054 (8th Cir. 2007)).

Under the FLSA, "[e]mployees engaged in interstate commerce" are to be paid "one and one-half times" their regular salary rates for all work performed in excess of 40 hours per week. 29 U.S.C. § 207(a)(1). However, under the MCAE, the overtime-pay provision of § 207 does not apply to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49." 29 U.S.C. § 213(b)(1). "The Secretary of Transportation may prescribe . . . maximum hours of service of employees of . . . motor carrier[s] and . . . motor private carrier[s]." 49 U.S.C. § 31502(b)(1) and (2). As relevant here, "motor private carrier" is a person "transporting property by motor vehicle when . . . the property is being transported for sale, lease, rent, or bailment or to further a commercial enterprise." 49 U.S.C. § 13102(15)(C).

In 2005, the SAFETEA-LU amended the definition of "motor private carrier" to mean "a person, other than a motor carrier, transporting property by *commercial motor vehicle* (as defined in section 31132)." 49 U.S.C. § 13102(15) (2005) (emphasis added). Section 31132 defines a "commercial motor vehicle" as one which "has a gross vehicle weight rating or gross vehicle weight of at least 10,001 pounds, whichever is greater." 49 U.S.C. § 31132(1). Therefore, following enactment of the SAFETEA-LU, the overtime-pay provision of § 207 began to apply to drivers of vehicles with a GVWR less than 10,001 pounds.

In 2008, the TCA deleted the § 13102(15) reference to a "commercial motor vehicle (as defined in section 31132)" and inserted the more generic language "motor vehicle," which is its current form. 49 U.S.C. § 13102(15) (2008). Section 306 of the TCA also extended FLSA overtime protections to "covered employees," defined as individuals who are employed as motor private carriers, "who perform[] duties on

-5-

motor vehicles *weighing 10,000 pounds or less*." (Emphasis added). Pub. L. 110-244, Title III, § 306, 122 Stat. 1572, 1621 (2008). In the Bulletin, the Department of Labor's Wage and Hour Division stated that it "will continue to use the gross vehicle weight rating[2] (GVWR) or gross combined vehicle weight rating in the event that the vehicle is pulling a trailer" to determine if a vehicle is one "weighing 10,000 pounds" or less. Therefore, the overtime-pay provision of § 207 applies to vehicles with a GVWR of 10,000 pounds or less. We accord appropriate deference to this interpretation of the FLSA by the Secretary of Labor. *See Donovan v. Bereuter's, Inc.*, 704 F.2d 1034, 1036 (8th Cir. 1983) ("[T]he Secretary[ of Labor]'s interpretations are entitled to considerable weight.").

McCall argues that he was a covered employee with overtime rights under the FLSA because the trucks that he operated actually weighed less than 10,000 pounds despite having GVWRs greater than 10,000 pounds. Upon review, we agree with the district court that GVWR, not actual weight, is the appropriate criterion for determining if the TCA applies to place a driver's wage regulation under the FSLA rather than the Transportation Secretary. McCall operated trucks with GVWRs in excess of 10,000 pounds. He is not entitled to overtime under the FSLA.

We agree with the Seventh Circuit's reasoning in *Collins v. Heritage Wine Cellars, Ltd*.

> Dividing jurisdiction over the same drivers, with the result that their employer would be regulated under the Motor Carrier Act when they were driving the big trucks and under the [FLSA] when they were driving trucks that might weigh only a pound less, would require burdensome record-keeping, create confusion, and give rise to mistakes and disputes.

---

[2]"The GVWR is found on the vehicle, usually on a plate on the door jamb." Dep't of Labor Field Service Bulletin No. 2010-2 (Nov. 4, 2010).

589 F.3d 895, 901 (7th Cir. 2009). The Secretary's use of GVWR establishes an objective and predictable standard for determining whether the MCAE applies. The district court properly determined that a FLSA-covered employee under the TCA is one driving a vehicle with a GVWR of 10,000 pounds or less. It also correctly concluded that McCall was not a covered employee and properly granteded summary judgment to DAV and denied partial summary judgment to McCall.

## III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____