# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 16, 2018

Lyle W. Cayce
Clerk

No. 17-50226

SCOT CARLEY, On Behalf of Himself and All Others Similarly Situated,

      Plaintiff - Appellee

v.

CREST PUMPING TECHNOLOGIES, L.L.C.,

      Defendant – Appellant

Appeal from the United States District Court
for the Western District of Texas

Before KING, HAYNES and HIGGINSON, Circuit Judges.

HAYNES, Circuit Judge:

Crest Pumping Technologies, LLC ("Crest") appeals the magistrate judge's[1] denial of its motions for judgment as a matter of law and a new trial. A jury returned a verdict in favor of Scot Carley and Brandon Brown (collectively, "Plaintiffs"), former employees of Crest, finding that Crest wrongfully denied them overtime pay in violation of the Fair Labor Standards Act ("FLSA"). On appeal, Crest argues that the trial court erred in not granting it judgment as a matter of law ("JMOL") or a new trial, because it was exempt from FLSA's overtime payment requirements. Crest also argues that it should

---

[1] Tried by consent before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.

No. 17-50226

have received a new trial because, inter alia, the court improperly placed the burden on Crest to prove that the SAFETEA-LU Technical Corrections Act ("Corrections Act") did not except Plaintiffs from the Motor Carrier Act ("MCA") exemption.

Because the magistrate judge incorrectly placed the burden of proof on Crest as to the Corrections Act's applicability, and Plaintiffs presented no evidence to meet their burden of proving the weight of the vehicles they operated, we VACATE and RENDER JUDGMENT for Crest.[2]

## I.    Background

Crest is a corporation providing downhole cementing and pump down services for complex unconventional and conventional oil wells.  Crest employed Plaintiffs as cementers.[3]  Carley was employed by Crest from February 18, 2014, to June 10, 2014, while Brown was employed by Crest from February 18, 2014, to October 19, 2014.  After leaving their positions, Plaintiffs filed this claim under FLSA, 29 U.S.C. §§ 201–19, specifically alleging a failure to adequately compensate for overtime work as required under 29 U.S.C. § 207(a).  Crest answered, alleging, inter alia, that Plaintiffs were exempt from the overtime pay requirements of FLSA under the MCA exemption.  The parties have stipulated to the requisite facts establishing the MCA exemption[4];

---

[2] Because we reverse and render on the burden of proof issue, we do not reach Crest's arguments regarding (1) the highly compensated employee exemption, (2) the trial court's charge for determining whether the Corrections Act applied, and (3) the trial court's overruling of Crest's objection to testimony regarding Crest's compliance with Department of Transportation ("DOT") regulations.

[3] The parties dispute the exact nature of Plaintiffs' titles.  For simplicity's sake, we refer to Plaintiffs as "cementers."  We make no determination as to Plaintiffs' particular titles; the title of an employee is not relevant to this case because duties, rather than title, determine an employee's classification under FLSA.  *See* 29 C.F.R. § 541.2.

[4] The MCA exemption applies to employees whose maximum hours are set by the Secretary of Transportation, being employees who are (1) employed by a motor carrier and (2) "engage in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate

therefore, the issue is whether Plaintiffs were otherwise not subject to the exemption, as explained below.

On September 12–14, 2016, a jury trial was held to determine Crest's liability. Plaintiffs called defense witness David Crombie, founder and president of Crest. He testified that cementers used only Ford F-350 vehicles for their jobs, as those vehicles were required to carry the weight necessary for work. Crombie testified that he located the vehicle assigned to Carley and that it was an F-350 with a gross vehicle weight rating ("GVWR")[5] of 11,500 pounds. He made the determination based upon (1) the doorplate and (2) calling the manufacturer and providing the vehicle's VIN number. He testified that Crest had sold the vehicle assigned to Brown, but that it was an F-350 identical to Carley's. Crombie stated that he had provided the VIN number to the manufacturer to determine that its GVWR was also 11,500 pounds. No competent contrary evidence as to GVWR was presented.

Plaintiffs questioned Crombie about an Internet Registration Renewal that Crest had submitted to the Texas Department of Motor Vehicles for an F-350, in which Crest represented that Plaintiffs' vehicles' "empty weight" was 7600 pounds and their "gross weight" was 9600 pounds. Crest's counsel asked Crombie to clarify the meaning of "gross weight" as compared to GVWR, and

---

or foreign commerce." 49 U.S.C. § 31502(b); 29 C.F.R. § 782.2(a). The Supreme Court has clarified that the exemption applies "to those employees and those only whose work involves engagement in activities consisting wholly or in part of a class of work which is defined: (i) As that of a driver, driver's helper, loader, or mechanic, and (ii) as directly affecting the safety of operation of motor vehicles on the public highways in transportation in interstate or foreign commerce." 29 C.F.R. § 782.2(b)(2) (citing *Morris v. McComb*, 332 U.S. 422 (1948), *Pyramid Motor Freight Corp. v. Ispass*, 330 U.S. 695 (1947), and *Levinson v. Spector Motor Serv.*, 330 U.S. 649 (1947)). Here, the parties stipulated that (i) "in their jobs at Crest, Brown and Carl[e]y drove motor vehicles and . . . loaded and secured tools and equipment on Crest's motor vehicles," and (ii) "Brown's and Carl[e]y's duties directly affected the safety of vehicles operated in the interstate commerce."

[5] GVWR is "the value specified by the manufacturer as the loaded weight of a single motor vehicle." *See* 49 C.F.R. § 390.5T (effective June 15, 2018).

3

No. 17-50226

Crombie explained that the two measurements are different. Thus, the evidence of the vehicles' "gross weight" was not evidence of their GVWR.[6]

At the close of Plaintiffs' evidence, Crest moved for JMOL under Federal Rule of Civil Procedure 50(a). Crest argued, inter alia, that the Corrections Act did not except Plaintiffs from the MCA exemption because the Corrections Act only applies if the GVWR of the vehicles operated by Plaintiffs was 10,000 pounds or less. Because Plaintiffs had not refuted Crest's evidence that Plaintiffs' vehicles had a GVWR of 11,500 pounds, no reasonable juror could conclude that Plaintiffs were not subject to the MCA exemption.[7] The court denied the motion. At the close of the evidence, Crest reiterated its JMOL motion, which the court again denied.

At the charge conference, the parties disputed the allocation of the burden of proof with respect to the Corrections Act. Crest argued that the jury charge should place the burden on Plaintiffs, as employees, to prove that the Corrections Act excepts them from the MCA exemption. However, the court left the charge as written, requiring Crest to prove that the Corrections Act did not apply to Plaintiffs.

The jury returned a verdict in favor of Plaintiffs, finding that Crest did not prove that Plaintiffs were exempt from overtime compensation under the MCA exemption. The magistrate judge subsequently entered final judgment for Plaintiffs. Crest timely moved for JMOL under Rule 50(b) and argued, in the alternative, for a new trial under Rule 59(a). Crest's motion for a new trial

---

[6] Plaintiffs also asked questions about compliance with DOT regulations regarding weight. We conclude that this line of questioning does not provide evidence of these particular trucks' GVWR.

[7] Crest also argued that Plaintiffs could be exempt under either the highly compensated employee exemption or the executive exemption to FLSA. Because we do not reach the former here and the latter was not raised on appeal, the facts surrounding those arguments are not discussed further.

4

stated, inter alia, that the jury's conclusion regarding the MCA exemption was against the great weight of the evidence and that the burden of proof should not have been placed on it with respect to the Corrections Act. The court denied both motions.[8] Crest timely appealed both denials.

## II. Standard of Review

"We review de novo the district court's denial of a motion for judgment as a matter of law, applying the same standard as the district court." *Heck v. Triche*, 775 F.3d 265, 272 (5th Cir. 2014) (quoting *Foradori v. Harris,* 523 F.3d 477, 485 (5th Cir. 2008)). "A motion for judgment as a matter of law in a case tried by a jury, however, 'is a challenge to the legal sufficiency of the evidence supporting the jury's verdict.'" *Id.* at 272–73 (quoting *Hiltgen v. Sumrall,* 47 F.3d 695, 699 (5th Cir. 1995)). Therefore, the standard of review is "especially deferential," and "we draw all reasonable inferences and resolve all credibility determinations in the light most favorable to the nonmoving party." *Id.* at 273 (quoting *Flowers v. S. Reg'l Physician Servs. Inc.,* 247 F.3d 229, 235 (5th Cir. 2001), and *Foradori,* 523 F.3d at 485). We review a trial court's decision to deny a new trial for abuse of discretion. *Pryor v. Trane Co.,* 138 F.3d 1024, 1026 (5th Cir. 1998) (per curiam).

## III.   Discussion

Section 207 of FLSA requires an employer to pay overtime compensation to employees working more than forty hours a week, subject to certain statutory exemptions. 29 U.S.C. § 207(a)(1); 29 U.S.C. § 213(a)–(b). Crest's motions here relate to exemptions to FLSA's overtime requirement in § 207. The Supreme Court recently clarified that courts are to give FLSA exemptions "a fair reading," as opposed to the narrow interpretation previously espoused

---

[8] The parties dispute the exact nature of the magistrate judge's disposition of these two motions. Because any consequences of that dispute relate to the highly compensated employee exemption, which we do not reach today, we need not reach that issue.

No. 17-50226

by this and other circuits. *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1142 (2018).

The MCA exemption to FLSA overtime requirements appears at 29 U.S.C. § 213(b)(1), which exempts employees subject to Secretary of Transportation standards from overtime compensation. The Supreme Court has reasoned that the purpose of the MCA exemption was primarily to ensure that operators of vehicles affecting highway safety were regulated by an entity with a greater understanding of the particular safety concerns. *See, e.g.*, *Morris v. McComb*, 332 U.S. 422, 436 (1947).

After June 6, 2008, the Corrections Act went into effect, designating a class of employees to which the MCA exemption does not apply. That class includes "covered employees," who are those employees:

> (1) who [are] employed by a motor carrier or motor private carrier . . . ;
> (2) whose work, in whole or in part, is defined—
>> (A) as that of a driver, driver's helper, loader, or mechanic; and
>> (B) as affecting the safety of operation of motor vehicles weighing 10,000 pounds or less in transportation on public highways in interstate or foreign commerce, . . . ; and
> (3) who perform[] duties on motor vehicles weighing 10,000 pounds or less.

SAFETEA-LU Technical Corrections Act of 2008, Pub. L. No. 110-244, § 306(a), (c), 122 Stat. 1572, 1621 (June 6, 2008)[9]; *see also Allen v. Coil Tubing Servs., L.L.C.*, 755 F.3d 279, 291 n.6 (5th Cir. 2014). Relevant to this appeal, the Corrections Act does not expressly answer two questions: (1) who bears the burden of proving the weight of the motor vehicles, and (2) whether "weight"

---

[9] The relevant portion of the Corrections Act was codified in the notes section of 29 U.S.C. § 207 (Applicability of Fair Labor Standards Act requirements and limitation on liability).

No. 17-50226

under the Corrections Act refers to GVWR or another measure of weight.

## A. Burden of Proof

The text of the Corrections Act does not clearly allocate the burden of proving whether the vehicles weigh 10,000 pounds or less, and we have no precedent deciding the issue. The circuit and district court cases addressing the Corrections Act did not need to resolve any question regarding the burden of proof. *See, e.g.*, *Schilling v. Schmidt Baking Co., Inc.*, 876 F.3d 596 (4th Cir. 2017); *Aikins v. Warrior Energy Servs. Corp.*, No. 6:13-CV-54, 2015 WL 1221255, at *4 n.3 (S.D. Tex. Mar. 17, 2015)).

There is no dispute that Plaintiffs bore the initial burden of proving that they were covered under FLSA's overtime pay requirement, *see Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014), and Crest bore the burden of proving that the MCA exemption applied in this case, *see Mitchell v. Ky. Fin. Co.*, 359 U.S. 290, 291 (1959). The dispute here is who bears the burden of proving the weight of vehicles under the Corrections Act.

Plaintiffs argue that the Corrections Act, though codified separately from the MCA exemption, is analogous to exclusionary language contained within exemptions under 29 U.S.C. § 213, which the employer bears the burden of proving. *See, e.g.*, 29 U.S.C. § 213(a)(6) (reading, in part, that wage requirements do not apply to "any employee employed in agriculture . . . *if* such employee is employed by an employer who *did not*, during any calendar quarter during the preceding calendar year, use more than five hundred man-days of agricultural labor" (emphasis added)). But Plaintiffs' examples all fall within the group of "Exemptions" listed under 29 U.S.C. § 213. On the other hand, the Corrections Act was codified under 29 U.S.C. § 207, which sets out FLSA standards that Plaintiffs bear the burden of proving lack of compliance by an employer. In other words, the Corrections Act defines a "covered employee" in a statute subsection under which the plaintiff has the burden of proof for FLSA

7

coverage. *See Johnson*, 758 F.3d at 630. Although an employer more logically should bear the burden of proving an exemption from FLSA, here, the disputed provision is not codified as an exemption but, rather, under the provision defining when FLSA mandates overtime pay. This statutory structure indicates that the Corrections Act is not meant to be read in the same way as exclusionary language within a FLSA exemption.

Our decision in *Samson v. Apollo Resources, Inc.*, 242 F.3d 629 (5th Cir. 2001) is instructive. In *Samson*, we determined whether the employee or employer bore the burden of proving compliance with an approved method of paying overtime under 29 U.S.C. § 207. 242 F.3d at 636. We held that, because the payment method "is one method of complying with the overtime payment requirements of 29 U.S.C. § 207(a)(1) [and] [i]t is not an exemption to it . . . the employee bears the burden of proving that the employer failed to properly administer the [overtime payment] method." *Id.* *Samson* considered whether the method of paying overtime was a way to *meet* 29 U.S.C. § 207(a) or a way to *exempt* oneself from § 207(a). *See id.* Here, the Corrections Act is similarly not an exemption from § 207(a); rather, it codifies conditions under which § 207(a) requires overtime pay notwithstanding the MCA exemption. *Sampson*'s logic thus indicates that the burden of proof is more appropriately placed on Plaintiffs here, as compliance with the Corrections Act is of a piece with compliance with § 207(a), rather than a way to exempt oneself from § 207(a) as per an exemption enumerated under 29 U.S.C. § 113.

We hold that the burden of proof should have been placed on Plaintiffs. Therefore, the trial court erred in allocating the burden of proving the Corrections Act to Crest.

**B. JMOL**

Because the burden of proving the weight of the vehicles was incorrectly allocated, we must determine whether this error matters to this case. For

starters, is there any competent evidence to satisfy Plaintiffs' burden?  If they failed to present any evidence supporting their burden, JMOL should have been granted.  *See Nobach v. Woodland Vill. Nursing Ctr., Inc.*, 799 F.3d 374, 379 (5th Cir. 2015).

Crest argues that Plaintiffs did not meet their burden, because they presented no evidence that the vehicles operated by them had a GVWR of 10,000 pounds or less.  Plaintiffs, for their part, do not point to competent evidence of a lower GVWR but do argue that GVWR is not the proper measure of weight, arguing that actual, unloaded weight should have been used.  Had the magistrate judge applied that standard, Plaintiffs argue, they presented uncontroverted evidence of the actual, unloaded weight.[10]    Therefore, even if the burden of proof was incorrectly allocated, the error was harmless.

We first turn to the proper measure of weight.  The Corrections Act does not expressly define "weight."  *See* Corrections Act § 306(c), 122 Stat. at 1621.  Statutory language "should be taken as carrying its ordinary meaning unless the statute indicates the contrary."  *Sinkler v. Mo. Pac. R.R. Co.*, 356 U.S. 326, 334 (1958).  Some district courts have thus analyzed the term "weight" as the "put on the scale" weight as the truck leaves the factory.  *See, e.g.*, *Garcia v. W. Waste Servs., Inc.*, 969 F. Supp. 2d 1252, 1258–59 (D. Idaho 2013); *Glanville v. Dupar, Inc.*, Civ. A. No. H-08-2537, 2009 WL 3255292, at *8 (S.D. Tex. Sept. 25, 2009).    Other courts, including the only circuit court to address the question, have applied GVWR as the measure of weight under the Corrections

---

[10] We note that, before trial, the magistrate judge determined that GVWR was the appropriate measure of weight of the vehicles.  Therefore, Crest did not have an incentive to counter any of Plaintiffs' evidence with respect to actual vehicle weight.  Further, Crest contends that Plaintiffs did not put on evidence of actual, unloaded weight.  Both of these issues only arise if actual, unloaded weight is the proper measure of weight in this case.  As explained *infra*, we conclude that GVWR, and not the actual, unloaded weight, is the proper measure of weight.

Act. *See, e.g.*, *McCall v. Disabled Am. Veterans*, 723 F.3d 962, 966 (8th Cir. 2013); *Wilkinson v. High Plains Inc.*, --- F. Supp. 3d --- , 2018 WL 1123863, at *4 (D.N.D. Mar. 1, 2018); *Roche v. S-3 Pump Serv., Inc.*, 154 F. Supp. 3d 441, 447 (W.D. Tex. 2016).[11]  We must determine which approach is proper.

The trial court relied on the Department of Labor's ("DOL") Wage and Hour Division Field Assistance Bulletin[12] (the "Bulletin") published in response to the Corrections Act to determine that weight should be measured by GVWR.  The Bulletin states that the Wage and Hour Division "will continue to use the gross vehicle weight rating" to determine the standard for "[w]eighing 10,000 pounds" under the Corrections Act.  Bulletin at 2.  The trial court determined that the Bulletin was entitled to deference "because it represents [the] DOL's interpretation of statutory provisions that it is charged with enforcing" and "is reasonable because it leads to certainty in applying the [Corrections Act] and it is consistent with the Secretary of Transportation's statutory and regulatory framework."

Applying *Skidmore*[13] deference to the Bulletin, we agree with the Eighth Circuit on this analysis.  *See Humana Health Plan, Inc. v. Nguyen*, 785 F.3d 1023, 1027 n.5 (5th Cir. 2015) (*Skidmore* deference applies to such bulletins).  Under *Skidmore*, the deference afforded to the Bulletin "depends on the thoroughness evident in [the DOL's] consideration, the validity of its

---

[11] Some courts have also stated that they measured weight by the "gross vehicle weight."  *See Childress v. Ozark Delivery of Mo. L.L.C.*, 95 F. Supp. 3d 1130, 1136 (W.D. Mo. 2015); *Miller v. Prof'l Transp., Inc.*, No. 3:09-CV-0111-RLY-WGH, 2010 WL 3398935, at *4 (S.D. Ind. Aug. 25, 2010).  "Gross vehicle weight" is distinct from GVWR, and neither party argued for its application here.  *See* 49 U.S.C. § 31132(1) (defining a "commercial motor vehicle" as, in part, a vehicle with "a gross vehicle weight rating *or* gross vehicle weight of at least 10,001 pounds, *whichever is greater*" (emphasis added)).

[12] UNITED STATES DEPARTMENT OF LABOR, FIELD ASSISTANCE BULLETIN NO. 2010-2 (Nov. 4, 2010), https://www.dol.gov/whd/FieldBulletins/FAB2010_2.pdf.

[13] *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944).

reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control." *See Baylor Cty. Hosp. Dist. v. Price*, 850 F.3d 257, 261 (5th Cir. 2017) (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)). In light of these considerations, we analyze the history of the statutory scheme to determine whether deference to the Bulletin was warranted. We agree with the Eighth Circuit (and the district court opinion it analyzed) that the evolution of this statute supports the conclusion that GVWR is the proper measure of weight. *See McCall*, 723 F.3d at 965–66; *McCall v. Disabled Am. Veterans Ernestine Schumann-Heink Mo. Chapter 2*, No. 11-1298-CV-W-ODS, 2012 WL 3069845, at \*2–3 (W.D. Mo. July 27, 2012).[14]

We conclude that the magistrate judge did not err in deferring to the Bulletin's mandate to measure weight using GVWR. Thus, we must determine whether Plaintiffs put on evidence of the GVWR of their vehicles to meet their burden of proof.

Because this was a jury trial, we cannot reverse "unless the jury's factual finding[] [that the GVWR of the vehicles operated by Plaintiffs was 10,000 pounds or less is] not supported by substantial evidence." *See Baisden v. I'm*

---

[14] Notably, soon after the MCA's passage, the Supreme Court seemingly rejected the weight measurement argued for by Plaintiffs here: the actual, unloaded weight. *See Maurer v. Hamilton*, 309 U.S. 598 (1940). Although, in *Maurer*, the parties conceded that "size and weight of motor vehicles" included the size and weight of both the vehicle and any load, the Court reasoned that the weight of the unloaded vehicle could not be the proper measure of the weight of a motor vehicle. 309 U.S. at 610. Noting that the purpose of the MCA was to avoid "the major problems of safety and use of the highways," it would be "useless" to use the "sizes and weights of motor vehicles, apart from their load" as the measure of weight affecting highway safety. *Id.* Further, the earliest regulations in response to the MCA appear to have endorsed that view. These regulations use the term "gross weight" instead of "weight" alone, indicating that the vehicle and its cargo were used to measure weight. *See, e.g.*, Establishment of Chapter, 33 Fed. Reg. 19,700, 19,728 (Dec. 25, 1968); Safety Regulations, 2 Fed. Reg. 113, 117 (Jan. 22, 1937).

*Ready Prods., Inc.*, 693 F.3d 491, 499 (5th Cir. 2012) (quoting *Am. Home Assurance Co. v. United Space Alliance, LLC,* 378 F.3d 482, 488 (5th Cir. 2004)).  We find no legally cognizable evidence provided by Plaintiffs to refute Crest's evidence that the GVWR of the vehicles was more than 10,000 pounds. Plaintiffs presented no evidence of the GVWR of the vehicles they operated. The only evidence related to weight that Plaintiffs introduced was (1) Texas Certificates of Title showing that the "weight" of Plaintiffs' F-350s was 7600 pounds, and (2) Internet Registration Renewals completed by Crest showing Plaintiffs' vehicles' "empty weight" as 7600 pounds and "gross weight" as 9600 pounds.    Neither of those measurements constitutes GVWR.    Because Plaintiffs put on no legally cognizable evidence of GVWR, Crest is entitled to a remedy based upon the improper application of the burden of proof as to the weight of the vehicles operated by Plaintiffs.

Ordinarily, if a trial court fails to grant a defendant's motion for JMOL when warranted, we will vacate the judgment.  *See, e.g.*, *City of San Antonio v. Hotels.com, L.P.*, 876 F.3d 717, 724 (5th Cir. 2017); *Arsement v. Spinnaker Expl. Co., LLC*, 400 F.3d 238, 244 (5th Cir. 2005) ("Because JMOL should have been granted [to] defendants, we need not reach their new trial claims.").  Here, because Plaintiffs did not present any legally sufficient evidence at trial with respect to the GVWR of the vehicles being 10,000 pounds or less, rendition is appropriate.[15]  Thus, we VACATE and RENDER judgment for Crest.

---

[15] There could be situations where the trial court's ruling regarding burden of proof so affects the trial that it would be unjust to simply render, such that a new trial is warranted. Here, because the magistrate judge did not allocate the burden of proof until after the parties presented their evidence, Plaintiffs had every opportunity and incentive to develop their evidence of GVWR.  However, Plaintiffs have pointed to no competent evidence of a materially lower GVWR.  This is not a close case.  Thus, there is no inequity to Plaintiffs from not granting a new trial here.  *Cf. Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940) (noting that whether "the trial was not fair" is a consideration in a trial court's discretion to grant a new trial); *O'Neil v. W. R. Grace & Co.*, 410 F.2d 908, 914 (5th Cir. 1969) (noting that an improper charge to the jury is grounds for a new trial and that a new trial should be

No. 17-50226

granted when the verdict results from "the jury receiving a distorted, incorrect, or an incomplete view of the operative facts, or some undesirable element obtruded itself into the proceedings creating a condition whereby the giving of a just verdict was rendered difficult or impossible").