# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20603
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 18, 2019

Lyle W. Cayce
Clerk

KOREY RYCHORCEWICZ, Individually and on behalf of similarly situated individuals,

Plaintiff - Appellant

v.

WELLTEC, INCORPORATED,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-2

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:*

The district court held that Plaintiff-Appellant Korey Rychorcewicz and those he purports to represent are exempt from the Fair Labor Standards Act's ("FLSA") overtime requirements based on the Motor Carrier Act's ("MCA") exemption of operators of vehicles that affect highway safety. We agree that the plaintiffs are exempt and affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20603

## I. FACTUAL BACKGROUND

Defendant-Appellee Welltec, Inc. is an international oil and gas company that provides well technologies and solutions to optimize its clients' oil and gas production and increase reservoir drainage. Welltec is headquartered in Katy, Texas and during the class period had locations in Fort Worth, Texas; San Antonio, Texas; Minot, North Dakota; Houma, Louisiana; Fort Collins, Colorado; Bridgeville, Pennsylvania; Cranberry Township, Pennsylvania; and Deadhorse, Alaska. Welltec is registered with the U.S. Department of Transportation as a motor carrier to transport oil-field equipment, machinery, and large objects.

Korey Rychorcewicz worked for Welltec as a field engineer. Such engineers provided on-site intervention services to maintain Welltec's customers' well sites. Their duties included "rigging up and rigging down a Welltec tractor, which gets tools and equipment in and out of a deep well, operating oilfield machinery, and providing other troubleshooting, maintenance, and intervention services." Field engineers worked out of assigned Welltec offices and drove company vehicles from their assigned offices to customers' well sites. Welltec's monthly work reports show that the plaintiffs regularly drove across state lines to perform their duties.

Rychorcewicz sued Welltec, alleging that it violated the Fair Labor Standards Act by misclassifying him and members of a class of similarly situated field engineers as exempt employees. After the district court conditionally certified the class, Welltec moved for summary judgment. It contended that the plaintiffs were properly exempt from the FLSA's overtime requirements because they satisfied the MCA's exemption for those employees (1) "whom the Secretary of Transportation has power to establish

2

qualifications and maximum hours of service"[1] and (2) who "engage in activities of a character directly affecting the safety of operation of motor vehicles in the transportation . . . of property in interstate commerce."[2]

In a thorough opinion, the magistrate judge recommended granting summary judgment for Welltec because (1) it is a motor carrier under the MCA and (2) the plaintiffs engaged in activities directly affecting the operational safety of motor vehicles in the transportation of property in interstate commerce. The plaintiffs objected to that recommendation, but the district court adopted it in full and dismissed the case. The plaintiffs timely appealed.

## II.  STANDARD OF REVIEW

We review the district court's grant of summary judgment de novo.[3] We review the evidence "in the light most favorable to the nonmovant, drawing all reasonable inferences in the nonmovant's favor."[4]

Welltec has the burden of proving that the MCA's exemption applies.[5] "The Supreme Court recently clarified that courts are to give FLSA exemptions 'a fair reading,' as opposed to the narrow interpretation previously espoused by this and other circuits."[6]

The SAFETEA-LU Technical Corrections Act of 2008 ("Technical Corrections Act") designates a class of employees to which the MCA exemption does not apply.[7] It states that the MCA exemption does not apply to employees who (1) are employed by a motor carrier and (2) perform duties on motor vehicles weighing 10,000 pounds or less.[8] The plaintiffs have the burden of

---

[1] 29 U.S.C. § 213(b)(1).

[2] 29 C.F.R. § 282.2(a).

[3] *Luv N' Care, Ltd. v. Groupo Rimar*, 844 F.3d 442, 446–47 (5th Cir. 2016).

[4] *Songer v. Dillon Res. Inc.*, 618 F.3d 467, 471 (5th Cir. 2010).

[5] *Carley v. Crest Pumping Techs. L.L.C.*, 890 F.3d 575, 579–80 (5th Cir. 2018).

[6] *Id.* at 579 (citing *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1142 (2018)).

[7] Pub. L. No. 110–244, § 306(a), (c).

[8] *Id.*

establishing that the weight of Welltec's vehicles disqualifies them from the MCA's exemption.[9] To carry this burden, they must show that they performed their duties on vehicles weighing less than 10,001 pounds.

## III. ANALYSIS

The plaintiffs contend that (1) the MCA does not apply to the field engineers who worked at Welltec's locations offshore and in Alaska, and (2) field engineers fall under the Technical Corrections Act's exception to the MCA's exemption because they sometimes drive light vehicles. The magistrate judge considered these contentions but rejected them in a detailed opinion. We agree with the magistrate judge's reasoning and conclusions.

## A.  The MCA's Exemption

The FLSA generally requires employers to pay employees who work more than forty hours in a workweek at least one and one-half times the employees' regular rate for each hour in excess of forty.[10] The FLSA exempts from the overtime requirement employees "whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the [MCA]."[11] The MCA in turn allows the Secretary of Transportation to promulgate regulations to define these exempt employees.[12] The relevant regulation states:

> (1) [a]re employed by carriers whose transportation of passengers or property by motor vehicle is subject to [DOT] jurisdiction under section 204 of the [MCA] . . . and (2) engage in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of

---

[9] *Carley*, 890 F.3d at 579.

[10] 29 U.S.C. § 207(a)(1).

[11] 29 U.S.C. § 213(b)(1).

[12] 49 U.S.C. § 31502(b).

passengers or property in interstate or foreign commerce within the meaning of the [MCA].[13]

The magistrate judge determined that the field engineers met both requirements. The judge concluded that Welltec is subject to the DOT's jurisdiction because it is a registered motor carrier. The judge also concluded that field engineers did engage in activities directly affecting the safety of operation of motor vehicles in interstate commerce because they were "likely to be . . . called upon in the ordinary course of [their] work to perform . . . safety-affecting activities" and regularly drove in interstate commerce.

The plaintiffs challenge the magistrate judge's conclusion that field engineers engage in activities that directly affect the operational safety of motor vehicles in the transport of property in interstate commerce.[14] They contend that a subset of field engineers—specifically, those who worked in Welltec's Alaska location and offshore from Welltec's Houma, Louisiana location—were not called on to drive across state lines.

As the magistrate judge explained, our precedent requires courts to evaluate the MCA's applicability on a company-wide basis rather than employee-by-employee.[15] Even if a few individual class members (here, 5 out of the 52) never drive interstate, that is not the relevant inquiry. Instead, we consider whether field engineers, on a company-wide basis, "could reasonably

---

[13] 29 C.F.R. § 782.2(a); *see Allen v. Coil Tubing Servs., L.L.C.*, 755 F.3d 279, 282–86 (5th Cir. 2014) (explaining the statutory and regulatory framework).

[14] The plaintiffs do not appeal the magistrate judge's finding that Welltec qualifies as a motor carrier subject to the DOT's jurisdiction.

[15] *Allen*, 755 F.3d at 285–86, 288 ("[T]his court's precedent effectively precludes an employee-by-employee analysis."); *Songer v. Dillon Res., Inc.*, 618 F.3d 467, 476 (5th Cir. 2010); *see also Amaya v. NOYPI Movers, L.L.C.*, 741 F. App'x 203, 206 (5th Cir. 2018) (collecting authority and stating that "when evaluating the nature of work from a class-wide perspective, we do not require a particularly high concentration of qualifying work in order to meet the MCA exception"); *Barefoot v. Mid-Am. Dairymen, Inc.*, No. 93-1684, 1994 WL 57686 (5th Cir. 1994) (per curiam).

have been expected to drive in interstate commerce consistent with their job duties."[16]

Under that framework, the magistrate judge considered (1) the field engineers' job descriptions required that they could be called on regularly to make trips in interstate commerce, (2) undisputed "testimony from Plaintiffs that they regularly worked and traveled to bases in other states in the course of their position as field engineers," (3) field engineers often moved to different satellite offices and drove interstate, and (4) "monthly work reports [that] show[ed] that in almost every month of the relevant period, Plaintiffs engaged in interstate travel." This evidence amply supports the magistrate judge's conclusion that field engineers reasonably could have expected to drive across state lines.[17]

We agree that the plaintiffs are exempt from the FLSA's overtime requirements under the MCA.

## B.    The Technical Correction Act's Exception to the MCA Exemption

In the Technical Corrections Act, Congress codified the "conditions under which [the FLSA] requires overtime pay notwithstanding the MCA's exemption."[18] The Act excepts employees whose duties "affect[] the safety of operation of motor vehicles weighting 10,000 pounds or less in transportation on public highways in interstate or foreign commerce."[19] We recently explained in *Carley v. Crest Pumping Technologies, L.L.C.* that (1) the plaintiffs have the burden of showing that the vehicles weighed less than 10,001 pounds and (2) the relevant measurement of weight is a vehicle's gross vehicle weight rating

---

[16] *Songer*, 618 F.3d at 476.

[17] *See Amaya*, 741 F. App'x at 206 ("[W]e evaluate the work of the employees on a class-wide basis, 'even if, in doing so, the effect is to apply the MCA exemption to employees who rarely, or never, engage in interstate commerce.'" (quoting *Allen*, 755 F.3d at 287)).

[18] *Carley*, 890 F.3d at 580.

[19] Pub. L. No. 110–244.

("GVWR"), rather than its weight when empty.[20] The plaintiffs would fall under the Act's exception if their work affected the safety of vehicles with GVWRs under 10,001 pounds.

The magistrate judge concluded that the plaintiffs did not meet this burden for two reasons. First, the plaintiffs' evidence on the vehicles' GVWRs—website links stating the GVWR data for particular makes and models of vehicles—was not competent because, without the year or VIN number of the vehicles, that evidence does not show the actual GVWRs for the vehicles the plaintiffs drove. Second, even if the GVWRs for those vehicles were known and were under 10,001 pounds, the evidence proves that the plaintiffs only occasionally drove personal and rental vehicles. This amounts to *de minimis* use.

The plaintiffs challenge the magistrate judge's conclusion that the Technical Correction Act's exception to the MCA's exemption does not apply to them. In support of this claim, they cite several examples of employees occasionally driving personal or rental vehicles.

We agree with the magistrate judge. The plaintiffs have neither met their burden of showing that the GVWRs of the vehicles were under 10,001 pounds nor proved that they drove personal or rental vehicles on more than *de minimis* basis. The record shows that (1) the plaintiffs took hundreds of trips in vehicles with GVWRs more than 10,000 pounds and (2) most of the vehicles in Welltec's fleet had GVWRs of more than 10,000 pounds. The plaintiffs did not carry their burden under the Technical Corrections Act. They therefore do not fall under that act's exception to the MCA's exemption.

## IV. CONCLUSION

We AFFIRM the district court's judgment.

---

[20] *Carley*, 890 F.3d at 579–82.