# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 7, 2020

No. 19-60176

Lyle W. Cayce
Clerk

ELIZABETH L. STRICKLAND; THE ELIZABETH LANCE BROOME
REVOCABLE TRUST,

> Plaintiffs - Appellants

v.

AMY ALYECE BROOME; USAA LIFE INSURANCE COMPANY,

> Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:16-CV-124

Before SOUTHWICK, COSTA, and DUNCAN, Circuit Judges.

PER CURIAM:*

This is a dispute about life insurance proceeds. Steve Broome and
Elizabeth Strickland got divorced. In their property settlement, Steve Broome
agreed to keep Strickland as his life insurance beneficiary, and eventually he
named Strickland's trust as the recipient of his life insurance proceeds. When

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 19-60176

he died in 2013, Steve Broome was married to Amy Broome. USAA, his life insurer, paid the policy proceeds to Amy Broome instead of Strickland.

Strickland sued USAA and Amy Broome. The district court dismissed Strickland's claims against USAA for breach of fiduciary duty and constructive trust, but held a trial on two claims against Broome: conversion and unjust enrichment. The jury found for Amy Broome on the conversion claim, but the court found for Strickland on the unjust enrichment claim. The court entered judgment and ordered Amy Broome to pay Strickland $339,912.27 for unjustly receiving Steve Broome's life insurance. Strickland moved for judgment as a matter of law, or for a new trial, on the conversion claim; the district court denied the motions. Strickland appeals.

Strickland argues the district court erred in several of its decisions with respect to her claims against USAA and Amy Broome. Her arguments are unavailing and we therefore affirm the district court.

Strickland argues her four state-law claims against USAA should not have been dismissed. We review the district court's dismissal of each *de novo*. In order to survive a motion to dismiss, Strickland's complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).

Strickland first argues that USAA owed her a fiduciary duty. But this claim lacks merit because the Mississippi Supreme Court has held that "the severity of the burdens and penalties integral to a fiduciary relationship should not apply to ordinary insurance policy transactions." *Robley v. Blue Cross/Blue Shield of Miss.*, 935 So. 2d 990, 996 (Miss. 2006). It takes "more" to create a fiduciary relationship. *Id.*; *see, e.g., Lowery v. Guar. Bank & Tr. Co.*, 592 So. 2d 79, 83–85 (Miss. 1991). Yet Strickland does not allege that her relationship with USAA

2

was anything "more" than an "ordinary insurance…transaction." Because Strickland's complaint is devoid of any allegations that take her relationship with USAA outside the realm of "ordinary insurance policy transactions," the fiduciary claim was properly dismissed.

Second, Strickland sought to hold USAA liable for disbursing the insurance proceeds to Amy Broome through a constructive trust. The district court dismissed this claim for want of two necessary elements: that USAA holds the proceeds and that Strickland was in a "confidential relationship" with USAA. We agree that dismissal was proper. A Mississippi constructive trust claim requires, among other things, that the defendant hold or possess property to which plaintiff "is rightfully entitled." *Allred v. Fairchild*, 785 So. 2d 1064, 1067–68 (Miss. 2001). Since USAA no longer possessed Steve Broome's life insurance proceeds when this lawsuit was filed, her constructive trust claim necessarily fails. *See First Nat'l Bank of Jackson v. Huff*, 441 So. 2d 1317, 1321 (Miss. 1983) (stating that a "transfer of title" before the plaintiff filed suit "precludes the imposition of a constructive trust").

Third, Strickland says her complaint also included breach of contract and conversion claims against USAA. But our review of her complaint indicates she barely adverted to these claims, if at all. Such "threadbare" allegations, devoid of "factual enhancement" of any kind, are not sufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678.

Finally, Strickland says she was entitled to judgment as a matter of law on her conversion claim because insufficient evidence supported the jury's verdict in Amy Broome's favor. *See Carley v. Crest Pumping Techs., LLC*, 890 F.3d 575, 578 (5th Cir. 2018). While we review the district court's decision to deny judgment as a matter of law *de novo*, our review is limited. *Seibert v. Jackson Cty., Miss.,* 851 F.3d 430, 436 (5th Cir. 2017). As an appeals court,

we are "especially deferential" to the jury, *Carley*, 890 F.3d at 578, and we will not reassess "credibility of witnesses [or the] weight of the evidence." *Montano v. Orange Cty., Tex.*, 842 F.3d 865, 873 (5th Cir. 2016). Those decisions remain the "sole province of the jury." *Id.*

The sole issue in dispute at trial was whether Steve Broome changed his beneficiary to Amy Broome before he died. As the parties litigated below, if Steve Broome did make the change, Strickland's conversion claim could not prevail. But if Steve Broome never made that change and Amy Broome still got the proceeds, then Strickland would be entitled to judgment in her favor. On appeal, Strickland argues there was no evidence showing Steve Broome made the change—therefore, Strickland says the jury needed to find for her.

We disagree. The jury had some evidence from which it could infer that Steve Broome did, in fact, change his beneficiary to Amy Broome. Discovery produced screenshots from USAA's files in both 2013 and 2017 showing that USAA had recorded Amy Broome as the proper life insurance beneficiary at Steve Broome's death. One reasonable inference from this evidence is that Steve Broome contacted USAA and changed the beneficiary before his death. The jury also heard testimony from Amy Broome, who testified that she did not change the insurance policy herself and that she did not know whether her husband had done so. The jury could have heard this testimony and decided that Steve Broome had, in fact, affirmatively changed the policy for Amy Broome's benefit, despite her lack of knowledge. We cannot reweigh the import of the USAA screenshots or make a new assessment of Amy Broome's testimony and credibility to order judgment as a matter of law. *Montano*, 842 F.3d at 873. Accordingly, the district court did not err in denying Strickland's motion.

No. 19-60176

Finally, even if she is not entitled to judgment as a matter of law, Strickland says she was entitled to a new trial on her conversion claim against Amy Broome. We review a trial court's decision on a motion for a new trial for an abuse of discretion. *Seibert,* 851 F.3d at 438. When a party, like Strickland, argues for a "new trial on evidentiary grounds," she must show that there is an "absolute absence of evidence to support the jury's verdict." *Id.* at 438–39. But, as our discussion above indicates, there was some evidence to support the verdict. And Strickland has not pointed to a non-evidentiary basis for a new trial. *Id.* Accordingly, the district court did not abuse its discretion in denying this motion.

AFFIRMED