# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 13-40824

———————

United States Court of Appeals
Fifth Circuit

**FILED**

July 14, 2014

Lyle W. Cayce
Clerk

KEVIN JOHNSON, Individually and on behalf of similarly situated individuals; BRAD SMITH, Individually and on behalf of similarly situated individuals,

Plaintiffs–Appellants

v.

HECKMANN WATER RESOURCES (CVR), INCORPORATED; COMPLETE VACUUM AND RENTAL, L.L.P.,

Defendants–Appellees

———————

Appeal from the United States District Court
for the Eastern District of Texas

———————

Before HIGGINBOTHAM, JONES, and PRADO, Circuit Judges.

EDWARD C. PRADO, Circuit Judge:

The district court granted Defendants–Appellees' motion for summary judgment, finding that they did not violate the overtime wage requirements of the Fair Labor Standards Act ("FLSA") by using a Monday through Sunday workweek to calculate overtime compensation. We affirm.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs–Appellants Kevin Johnson ("Johnson") and Brad Smith ("Smith") (collectively "Appellants") filed suit against their former employers, Defendants–Appellees Heckman Water Resources (CVR), Inc. ("HWR") and Complete Vacuum and Rental, L.L.P. ("CVR") (collectively "HWR/CVR"),

No. 13-40824

seeking unpaid overtime compensation pursuant to the FLSA, 29 U.S.C. §§ 201–219.

Appellants worked for CVR, which later became HWR. At all relevant times, Appellants were classified as non-exempt employees under the FLSA and were paid hourly wages. They worked twelve-hour shifts for seven consecutive days beginning every other Thursday. Smith's shift began at 6:00 a.m., and Johnson's at 6:00 p.m. HWR/CVR paid its employees bi-weekly and used a Monday through Sunday "workweek" to calculate overtime under the FLSA. Accordingly, each of Johnson's two-week pay periods reflected the following hours:

| Week | M | Tu | W | Th | F | Sa | Su | Total |
|---|---|---|---|---|---|---|---|---|
| 1 | | | | 6 | 12 | 12 | 12 | 42 |
| 2 | 12 | 12 | 12 | 6 | | | | 42 |

And each of Smith's two-week pay periods reflected the following hours:

| Week | M | Tu | W | Th | F | Sa | Su | Total |
|---|---|---|---|---|---|---|---|---|
| 1 | | | | 12 | 12 | 12 | 12 | 48 |
| 2 | 12 | 12 | 12 | | | | | 36 |

Based on these hours, HWR/CVR compensated Johnson for four hours of overtime per pay period, and Smith eight hours.

In their Complaint, Appellants asserted that their workweek under the FLSA should have begun on Thursday and ended on Wednesday, thereby entitling each to forty-four hours of overtime compensation per paycheck. On summary judgment, the district court held that HWR/CVR did not violate the FLSA by calculating the Appellants' hours based upon a Monday through Sunday workweek. The district court granted summary judgment in favor of HWR/CVR and entered final judgment. Appellants timely appeal.

No. 13-40824

## II.   JURISDICTION AND STANDARD OF REVIEW

The district court had jurisdiction over Appellants' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).  Because this is an appeal of a final judgment of a district court, this Court has jurisdiction under 28 U.S.C. § 1291.

This Court reviews the district court's grant of summary judgment de novo, considering all facts in the light most favorable to the non-moving party. *Meza v. Intelligent Mex. Mktg., Inc.*, 720 F.3d 577, 580 (5th Cir. 2013). Summary judgment is appropriate if the movant has shown "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

## III.   DISCUSSION

The FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. § 207(a)(1).  An employee bringing an action for unpaid overtime compensation must first demonstrate by a preponderance of the evidence: (1) that there existed an employer–employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due.  *See, e.g.*, *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005) (citing *Anderson v. Mount Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946)); *Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995); *accord Cash v. Conn Appliances*, 2 F. Supp. 2d 884, 892–93 (E.D. Tex. 1997).

No. 13-40824

Once the employee establishes a prima facie case, the burden then shifts to the employer to "come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Harvill*, 433 F.3d at 441 (quoting *Anderson*, 328 U.S. at 687–88). If the employer claims "that the suing employee is exempt from the overtime requirement," then the employer "has the burden of proving that the employee falls within the claimed exempted category." *Samson v. Apollo Res., Inc.*, 242 F.3d 629, 636 (5th Cir. 2001).

The sole issue on appeal is the third element of Appellants' prima facie case: whether HWR/CVR violated the FLSA's overtime wage requirements by using a Monday through Sunday "workweek" to calculate Appellants' overtime compensation. Appellants contend that their workweek under the FLSA should reflect their actual, seven consecutive day, Thursday through Wednesday work schedule. Yet, Appellants do not direct the Court to any authority requiring employers to establish a workweek in this manner, nor have we found any such authority. For the reasons that follow, we hold that the FLSA does not impose such a requirement.

To begin, the FLSA does not define the term "workweek." The Department of Labor ("DOL"), however, has promulgated a regulation pursuant to the FLSA:

> An employee's workweek is a fixed and regularly recurring period of 168 hours—seven consecutive 24-hour periods. It need not coincide with the calendar week but may begin on any day and at any hour of the day. For purposes of computing pay due under the Fair Labor Standards Act, a single workweek may be established for a plant or other establishment as a whole or different workweeks may be established for different employees or groups of employees. Once the beginning time of an employee's workweek is established, it remains fixed regardless of the schedule of hours worked by him. The beginning of the workweek may be changed

4

if the change is intended to be permanent and is not designed to evade the overtime requirements of the Act.

29 C.F.R. § 778.105; *see* 29 U.S.C. § 259 *(*granting the DOL authority to promulgate necessary rules, regulations or other orders under the FLSA); *Meredith v. Time Ins. Co.*, 980 F.2d 352, 357 (5th Cir. 1993) (citing *Robertson v. Alexander Grant Co.*, 798 F.2d 868 (5th Cir. 1986)) (noting the binding effect of the DOL's regulations).

Nothing in the regulation itself requires HWR/CVR to use Appellants' proposed workweek. In Appellants' view, a Monday through Sunday workweek violates the FLSA because they have "always" worked Thursday through Wednesday and "different workweeks may be established for different employees or groups of employees" under 29 C.F.R. § 778.105. But this part of the regulation uses the term "may" and, thus, is clearly permissive rather than mandatory. The regulation does not *require* an employer to establish different workweeks for different employees. *See Christensen v. Harris Cnty.*, 529 U.S. 576, 587–88 (2000) ("The [term 'may'] indicates that [the DOL's] command is permissive, not mandatory.").

Moreover, a DOL opinion letter, which may have "controlling weight" when interpreting its own ambiguous regulation, suggests that HWR/CVR is in compliance with the FLSA. *See Belt v. Emcare, Inc.*, 444 F.3d 403, 415–16 (5th Cir. 2006) (affording "controlling weight to the DOL's position adopted in the 1974 opinion letter" interpreting its own ambiguous regulation).[1] In the opinion letter, an employer requested an opinion regarding "whether the use

---

[1] In its brief, HWR/CVR assumes the opinion letter is afforded *Skidmore* deference. *See Christensen*, 529 U.S. at 587 ("[I]nterpretations [of a statute] contained in formats such as opinion letters are 'entitled to respect,'" under *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944), "but only to the extent that those interpretations have the 'power to persuade.'"). We need not decide how much weight to give the opinion letter here because we reach the same outcome regardless.

of a nine-day, compressed workweek schedule is in compliance with the [FLSA]." Wage & Hour Division, U.S. Dep't of Labor Op. Ltr. (Jan. 16, 2009), 2009 DOLWH LEXIS 20, at *1 (the "Opinion Letter"). The employer had a two-week pay period, within which "employees work nine hours per day Monday through Thursday and work eight hours on one of the two Fridays." *Id.* Had the employees' workweeks coincided with their actual Monday through Friday work schedule, their two-week pay period would have reflected the following hours:

| Week | M | Tu | W | Th | F | Sa | Su | Total |
|------|---|----|---|----|---|----|----|-------|
| 1 | 9 | 9 | 9 | 9 | 8 | | | 44 |
| 2 | 9 | 9 | 9 | 9 | | | | 36 |

The employer, however, proposed that the workweeks would begin at 12:30 p.m. each Friday, even though each employee started work at 8:30 a.m. *Id.* at *2. Thus, an employee's two-week pay period under the employer's proposed workweeks would appear as follows:

| Week | F | Sa | Su | M | Tu | W | Th | F | Total |
|------|---|----|----|---|----|---|----|---|-------|
| 1 | 4 | | | 9 | 9 | 9 | 9 | | 40 |
| 2 | | | | 9 | 9 | 9 | 9 | 4 | 40 |

The DOL found that the employer's proposed workweeks complied with the FLSA because they "are fixed, consist of 168-hour periods, and employees will be paid for any hours they work over forty in that specified period." *Id.* at *3–4.

Here, like the employees' actual work schedule in the Opinion Letter, the Appellants' actual work schedule spanned two workweeks, thereby reducing the potential amount of overtime wage compensation. Nevertheless, like the workweek approved by the DOL in its Opinion Letter, HWR/CVR's Monday

through Sunday workweeks were fixed, consisted of 168-hour periods, and the Appellants' were paid for any hours they worked over forty in that specified period. The Opinion Letter, at the very least, persuades us that HWR/CVR did not violate the FLSA.[2]

The Eighth Circuit's opinion in *Abshire v. Redland Energy Services, L.L.C.*, 695 F.3d 792 (8th Cir. 2012), which involved nearly identical facts to those here, provides further support. The plaintiffs in *Abshire* worked twelve-hour shifts for seven consecutive days, followed by seven days off. *Id.* at 793. Because their seven consecutive day work schedule spanned two workweeks, they were paid less overtime compensation than if their workweek had coincided with their actual work schedule. *See id.* at 794. Under these circumstances, identical in all relevant respects to the present Appellants, the *Abshire* plaintiffs similarly argued that they actually worked at least eighty-four hours each workweek and, thus, were entitled to more overtime compensation than they were paid. *See id.*

The Eighth Circuit rejected the plaintiffs' argument, reasoning that "an employer's right to establish a workweek [is] 'well-settled.'" *Id.* at 796 (discussing *Kerbes v. Raceway Assocs., LLC*, 961 N.E.2d 865 (Ill. App. Ct. 2011)). The court explained that the FLSA, "standing alone, does not require that the workweek begin on any given day of the week." *Id.* at 794–95 (quoting *Blasdell v. New York*, No. 91-CV-1014, 1992 U.S. Dist. LEXIS 20921, at *6 (N.D.N.Y. Sept. 8, 1992)). The court further noted:

---

[2] The Appellants' reliance on the Opinion Letter to the contrary is misplaced. The Opinion Letter states that "[t]he FLSA sets a single workweek as the standard length of time used to determine if an employee is due overtime. It does not allow for the averaging of hours over two or more weeks." 2009 DOLWH LEXIS 20, at *2–3. Citing this excerpt, Appellants contend that "[e]ffectively, what the opinion letter says is[,] an employer is not to do what [HWR/CVR] did to [Appellants]." As the district court correctly found, however, HWR/CVR was not averaging workweeks; each Monday through Sunday workweek was fixed and stood alone. Thus, the opinion letter does not suggest that HWR/CVR violated the FLSA.

Consistent with the plain language of this regulation, numerous federal and state courts have concluded that an employer does not violate the FLSA merely because, under a consistently-designated workweek, its employees earn fewer hours of overtime than they would if the workweek was more favorably aligned with their work schedules.

*Id.* at 794–95 (collecting cases). "Thus, a schedule whereby an employee's actual work schedule is split between two workweeks does not violate the [FLSA]." *Id.* at 796 (quoting *Kerbes*, 961 N.E.2d at 872).

In light of the plain language of 29 C.F.R. § 778.105, the persuasive value of the Opinion Letter, and the reasoning in *Abshire* and the authorities cited therein, we agree with our sister circuit. Under the FLSA, an employer has the right to establish a workweek. *See Abshire*, 695 F.3d at 796 (citation omitted). An employer is not required to begin the workweek on any given day. *See* 29 C.F.R. § 778.105 ("[An employee's workweek] need not coincide with the calendar week but may begin on any day and at any hour of the day."). The mere fact that an established workweek does not maximize an employee's overtime compensation does not, standing alone, violate the FLSA. *See Abshire*, 695 F.3d at 794; *see also* Opinion Letter, 2009 DOLWH LEXIS 20, at *3–4. Rather, the FLSA requires only that a workweek be "a fixed and regularly recurring period of 168 hours—seven consecutive 24-hour periods." 29 C.F.R. § 778.105. HWR/CVR has complied with this requirement, notwithstanding the fact that Appellants' actual work schedule spanned two workweeks thereby reducing their potential overtime compensation.

## IV.    CONCLUSION

For the reasons aforementioned, we AFFIRM the district court's grant of summary judgment.

8