# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 4, 2022

Lyle W. Cayce
Clerk

No. 21-50878
Summary Calendar

Lonnie Kade Welsh,

*Plaintiff—Appellant*,

*versus*

Bryan Collier; Joni White; Valencia Pollard-Fortsan;
Rachel Nowlin; Katherine Rediskez; Marsha McLane;
Dale Dorman; Tara Burson; Marissa Bartholet; April
Thompson; Cynthia Tilley; FNU LNU, *Director of University of
Texas Medical Branch*; Carly Parkinson,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:20-CV-337

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50878

Lonnie Kade Welsh, an individual who was civilly committed in 2015 as a sexually violent predator, appeals the district court's dismissal of his civil rights claims against 12 defendants from the University of Texas Medical Branch, the Texas Department of Criminal Justice (TDCJ), and the Texas Civil Commitment Office stemming from his incarceration in the TDCJ between June 2018 and August 2019.

Welsh fails entirely to brief the dismissal of his claims against six of the defendants-appellees (Joni White, Dale Dorman, Tara Burson, Marissa Bartholet, April Thompson, and Cynthia Tilley); accordingly, he has abandoned these claims. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). As to the remaining six defendants-appellees (Rachel Nowlin, Katherine Rediskez, Valencia Pollard-Fortsan, Carly Parkinson, Marsha McLane, and Bryan Collier), he disputes the district court's dismissal of only some of the claims asserted against these parties. Specifically, he disputes the dismissal of his deliberate indifference claims as to Nowlin and Rediskez and the dismissal of his deliberate indifference and failure to train claims against Pollard-Fortsan and Parkinson. As to McLane, Welsh challenges the district court's dismissal of his claims for violation of his procedural and substantive due process rights; deliberate indifference to serious medical needs based on McLane's alleged failure to ensure he received sex offender treatment while incarcerated at TDCJ; McLane's alleged failure to protect him from criminal prosecution even though she knew Welsh to be criminally insane; and a declaration that Texas Health and Safety Code § 841.150 is unconstitutional as applied to him. With respect to Collier, Welsh challenges the district court's dismissal of his claims that his procedural and substantive due process rights were violated based on Collier's denial of sex offender or mental health therapy; that Collier delayed Welsh's release from TDCJ in violation of his Fourth and Fourteenth Amendment rights; and that Collier

No. 21-50878

unconstitutionally punished Welsh by permitting his criminal incarceration despite Welsh's criminal insanity.

We review de novo the district court's grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and of a motion for summary judgment. *See White v. U.S. Corr., L.L.C.*, 996 F.3d 302, 306 (5th Cir. 2021) (motion to dismiss); *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009) (summary judgment). After careful consideration of the record, we find no error.

AFFIRMED.