# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 27, 2023

Lyle W. Cayce
Clerk

No. 22-10171

Ladarius Johnson; Irma Lopez; Pedro Lopez; Terry Bracey; Roshawn Polite; Brandi West; Brittny Arrieta,

*Plaintiffs—Appellants*,

*versus*

Tyson Foods, Incorporated,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:21-CV-156

---

Before Richman, *Chief Judge*, and Stewart and Haynes, *Circuit Judges*.

Per Curiam:*

In this appeal, seven individuals ("Plaintiffs") who allegedly contracted COVID-19 while working at Tyson Foods's ("Tyson") meatpacking plant in Amarillo, Texas, challenge the district court's dismissal of their common-law negligence claims. Because Plaintiffs' allegations fail to satisfy the requirements of Texas's Pandemic Liability Protection Act

---

* This opinion is not designated for publication. See 5th Cir. R. 47.5.

No. 22-10171

("PLPA"), and Plaintiffs have provided no basis to amend their complaint, we AFFIRM.

## I.     Background

Plaintiffs worked at Tyson's meatpacking plant during the onset of the COVID-19 pandemic and allegedly contracted the virus "because of the unsafe working conditions at the Amarillo, Texas facility." Three weeks after Texas adopted the PLPA, Plaintiffs filed suit in Texas state court, asserting negligence claims against Tyson for its failure to implement appropriate safety measures during the height of the pandemic.

In their complaint, Plaintiffs aver that Tyson flouted recommendations and protocols intended to mitigate the spread of COVID-19. They allege, inter alia, that Tyson (1) required its employees to continue in-person work after Texas Governor Greg Abbott's April 2, 2020, "stay-at-home order"; (2) declined to implement COVID-19 guidelines set forth by the World Health Organization and Centers for Disease Control and Prevention; (3) failed to provide personal protective equipment, implement social distancing, and provide adequate medical treatment to workers at the plant; and (4) required individuals infected with COVID-19 to continue working. These decisions allegedly caused over 7000 employees nationwide to contract the virus and resulted in twenty-four deaths.

Tyson removed the action to federal court and moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). In its motion, Tyson contended that Plaintiffs' claims were proscribed by the PLPA and that their allegations of causation were otherwise conclusory. Tyson further asserted that Plaintiffs' claims were expressly preempted by the Federal Meat Inspection Act ("FMIA"), conflict-preempted by the Defense Production

No. 22-10171

Act ("DPA"), and barred by the DPA's immunity provision.[1]  The district court agreed.  It dismissed Plaintiffs' claims and declined their request for leave to amend, explaining that Plaintiffs had not offered a proposed amendment and that, regardless, the recent enactment of the PLPA was an inadequate basis for amendment since Plaintiffs filed suit weeks after it was adopted.  Plaintiffs timely appealed.

## II.    Jurisdiction & Standard of Review

The district court had jurisdiction under 28 U.S.C. § 1332, and this court has jurisdiction under 28 U.S.C. § 1291.  We review a district court's grant of a motion to dismiss de novo, *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012), and denial of leave to amend for abuse of discretion, *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

## III.    Discussion

Although Plaintiffs filed their complaint in Texas state court, which applies a more "lenient" pleading standard, federal pleading standards control upon removal.  *Peña v. City of Rio Grande City*, 879 F.3d 613, 617 (5th Cir. 2018).  To withstand a motion to dismiss under Rule 12(b)(6), the complaint's allegations must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  The facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  While we "constru[e] all reasonable inferences" in the "light most favorable to the plaintiff," we do "not accept as true conclusory allegations, unwarranted factual

---

[1] Because we conclude Plaintiffs failed to state a claim under the PLPA, we need not reach the issues of FMIA and DPA preemption or immunity.

No. 22-10171

inferences, or legal conclusions." *White v. U.S. Corr., L.L.C.*, 996 F.3d 302, 306–07 (5th Cir. 2021) (quotation omitted).

## A.    Motion to Dismiss

In Texas, the PLPA governs pandemic-related negligence claims.[2] The PLPA, enacted on June 14, 2021, shields corporations[3] from liability for "exposing an individual to a pandemic disease during a pandemic emergency unless" claimants satisfy two requirements. TEX. CIV. PRAC. & REM. CODE § 148.003(a).[4] First, the statute requires claimants to demonstrate that the defendant "knowingly failed" to do one of two things: (1) warn of or remediate a condition that it knew was likely to result in exposure to the disease, or (2) "comply with government-promulgated standards, guidance, or protocols intended to lower the likelihood of exposure." *Id.* § 148.003(a)(1)(A)–(B).    Second, claimants must establish "reliable scientific evidence," which "shows the failure . . . was the cause in fact of the individual contracting the disease." *Id.* § 148.003(a)(1)–(2).

### 1.    Knowing Failure to Warn, Remediate, or Implement

To determine what the pleading should have included, we analyze the necessary facts as described in the statute.  The PLPA provides two approaches for establishing the first prong, each of which show that the claimant would need to plead the date or timeframe of exposure.  Under the knowing failure to warn or remediate approach, the claimant must

---

[2] The parties do not dispute that the PLPA applies here.

[3] The term "person" used in the statute includes corporations. *See Coming Attractions Bridal & Formal, Inc. v. Tex. Health Res.*, 595 S.W.3d 659, 662–63 (Tex. 2020) (explaining Texas's definition of the term "person" in statutes).

[4] The statute applies "to an action commenced on or after March 13, 2020, for which a judgment has not become final before the effective date of" the Act.  Act of June 14, 2021, 87th Leg., R.S., ch. 528, 2021 Tex. Gen. Laws, S.B. 6, § 5(a).

demonstrate that the defendant "(i) had control over the condition; (ii) knew that the individual was more likely than not to come into contact with [it]; and (iii) had a reasonable opportunity and ability to remediate" or warn of the condition "*before the individual came into contact with*" it.  *Id.* § 148.003(a)(1)(A) (emphasis added).  Similarly, to establish a "knowing failure to implement," the claimant must show that (i) the company had a "reasonable opportunity and ability to implement or comply with the standards," (ii) the company refused or flagrantly disregarded the standards, and (iii) the government-promulgated standards "did not, *on the date that the individual was exposed to the disease*, conflict with" then-existing or other "government-promulgated standards, guidance, or protocols that the [corporation] implemented."  *Id.* § 148.003(a)(1)(B) (emphasis added). Therefore, to plausibly allege that Tyson had an opportunity to warn, remediate, or implement government-promulgated standards "before" or "on the date" of exposure, we conclude that the Plaintiffs' pleading must provide the date of contact with the virus.

Plaintiffs' complaint fails to allege any dates of exposure.  It merely asserts that Plaintiffs were "required to continue working at the Tyson meatpacking plant in Amarillo, Texas" after the April 2, 2020, "stay-at-home order"[5] and that each plaintiff contracted COVID-19 as a result of the

---

[5] In any event, the purported "stay-at-home order" exempted meatpacking plants. Governor Abbott's Executive Order GA-14, effective April 2, 2020, mandated that "every person in Texas shall, *except where necessary to provide or obtain essential services*, minimize social gatherings and minimize in-person contact with people who are not in the same household."  Tex. Gov. Greg Abbott, Executive Order GA-14 2 (Mar. 31, 2020), https://bit.ly/3e5pTLt (emphasis added).  The Order defines "essential services" as "everything listed" by DHS in its "Guidance on the Essential Critical Infrastructure Workforce, Version 2.0." *Id.* at 3.  This guidance deemed "[f]ood manufacturer employees and their supplier employees," including "those employed in . . . livestock, poultry, [and] seafood slaughter facilities processing facilities" essential.  CISA, Advisory Memorandum on Identification of Essential Critical Infrastructure Workers During COVID-19 Response

unsafe conditions. Although these allegations suggest that Plaintiffs contracted the virus at some point in the spring, they do not fix a date from which a court could determine whether Tyson had an opportunity to remediate the conditions or warn Plaintiffs before they encountered the virus, as well as what orders were in place at the time they suffered the disease. Plaintiffs' indeterminate date of exposure is particularly problematic under the "knowing failure to implement" approach, which requires an *exact* date so that the court may evaluate the defendant's compliance with ever-shifting government-promulgated protocols. Without dates or specific timeframes of exposure, Plaintiffs' allegations falter under the first prong of the PLPA.

### 2. Causation

The PLPA further requires a claimant to submit "reliable scientific evidence" showing that the defendant's failure "was the cause in fact of the individual contracting the disease." § 148.003(a)(2). Under Texas law, "cause in fact is essentially but-for causation." *Ryder Integrated Logistics, Inc. v. Fayette County*, 453 S.W.3d 922, 929 (Tex. 2015). Thus, "a tortious act is a cause in fact" only if it was "a substantial factor in causing the injury . . . without which the injury would not have occurred." *Id.* (citation omitted); *see also Meador v. Apple, Inc.*, 911 F.3d 260, 265 (5th Cir. 2018) (interpreting Texas's causation requirement). While it is indisputable that a claimant need not offer proof of any element at the pleading stage,[6] Plaintiffs

---

(Mar. 28, 2020), https://www.cisa.gov/sites/default/files/publications/CISA_ Guidance_on_the_Essential_Critical_Infrastructure_Workforce_Version_2.0_1.pdf. The executive order terminated on April 28, 2020.

[6] We agree with the Plaintiffs that actual expert evidence is not required at the time the pleading is filed, but that does not alter the fact that relevant allegations need to be asserted therein.

must, at a minimum, plead facts that could support the conclusion that Tyson's actions or inactions were a substantial factor in their contraction of the virus. *See Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016) (explaining that dismissal is proper "if the complaint lacks an allegation regarding a required element necessary to obtain relief." (quotation omitted)). Moreover, since "COVID–19 can and does spread at home, in schools, during sporting events, and everywhere else that people gather," *NFIB v. OSHA*, 142 S. Ct. 661, 665 (2022) (per curiam), Plaintiffs' pleading must proffer facts which plausibly suggest that each plaintiff contracted COVID-19 *at the Tyson facility* as a result of Tyson's failures to warn, remediate, or implement government-promulgated protocols.

Plaintiffs do allege that Tyson required COVID-positive individuals to continue working such that they could infect others at the plant. But this troubling allegation does nothing to connect Tyson's conduct to *Plaintiffs'* contraction of the virus, much less suggest facts that could be supported by "reliable scientific evidence," establishing causation. Plaintiffs do not, for example, allege that Tyson placed each plaintiff next to unmasked workers who demonstrated symptoms such as sneezing or coughing or, more importantly, that they were near a person known by Tyson to have COVID (regardless of whether they were symptomatic). Nor do they assert that they avoided exposure to the virus outside of work by mask-wearing, social distancing, or avoiding large gatherings. In other words, Plaintiffs have provided no facts to plausibly suggest that of the myriad places and ways in which they could have been exposed to COVID-19, they contracted the virus at the Tyson plant as a result of Tyson's negligence. Without allegations connecting Plaintiffs' individual contraction of COVID-19 to both Tyson's facility and failures, Plaintiffs' allegations of causation fail to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. As such, Plaintiffs' allegations

fail to satisfy the PLPA at the pleading stage, and therefore the district court properly dismissed the complaint.

## B.    Leave to Amend

Plaintiffs contend, however, that they should have received an opportunity to replead.  Federal Rule of Civil Procedure 15(a)(2) provides that courts should "freely give leave [to amend] when justice so requires." We have recognized that removal from a notice-pleading jurisdiction may be a "natural time" for amendment, *Peña*, 879 F.3d at 617, but the plaintiff must still provide "some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects." *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam). Otherwise, the "absence of any proposed amendments, compounded by the lack of grounds for such an amendment justifies" a district court's denial of leave to amend. *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 331 (5th Cir. 2003).

Plaintiffs' request—a single paragraph included in their response to Tyson's motion to dismiss (not even a motion to amend)—does not attach or list the contents of a proposed amendment.  Instead, Plaintiffs simply requested leave to amend in the event their claims needed "additional clarification," noting that other courts had granted leave in light of the recent enactment of the PLPA.  Such a bare request, however, "fail[s] to offer any grounds as to why [Plaintiffs'] leave should be granted or how deficiencies in [their] complaint could be corrected." *Scott*, 16 F.4th at 1209.  Particularly fatal, though, is Plaintiffs' failure to provide *any* additional, curative facts.[7]

---

[7] Even at oral argument before this court, Plaintiffs' counsel admitted not having details on the dates on which each individual plaintiff contracted the virus or the precise government-promulgated protocols which governed the facility at that time or times. Thereafter, Plaintiffs submitted a letter, allegedly pursuant to Federal Rule of Appellate

No. 22-10171

Because Plaintiffs failed to identify in their request how they would correct the deficiencies in their pleading, the district court did not abuse its discretion in denying leave to amend. *See McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002).

## VI.     Conclusion

In sum, Plaintiffs' complaint fails to state a claim under the PLPA, and Plaintiffs failed to properly seek an amendment containing additional facts which might cure the deficiencies therein.  Accordingly, we AFFIRM.

---

Procedure 28(j), explaining that "counsel lacked definitive personal knowledge" at oral argument of the dates on which each plaintiff contracted COVID-19 and confirming that these dates "are not in the record."  The letter then admitted that the dates varied from March 29 to June 5, 2020, still without stating the precise date for each plaintiff.  Even that letter, however, fails to state what the amendment would add to the complaint which, of course, would be untimely for that purpose.  Regardless, because Rule 28(j) letters are reserved for "pertinent and significant authorities," not amendments or supplemental briefing, this "was not an appropriate use of a Rule 28(j) letter," such that the facts and arguments alleged therein are not relevant.  *Westfall v. Luna*, 903 F.3d 534, 545 n.4 (5th Cir. 2018) (internal quotation marks and citation omitted).