# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 5, 2026

Lyle W. Cayce
Clerk

No. 25-40387

Larry K. Anders; Nesa Anders,

*Plaintiffs—Appellants*,

*versus*

Mike Rumfield; Dan Barringer,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:23-CV-889

_____

Before Jones, Stewart, and Willett, *Circuit Judges*.

Per Curiam:[*]

This dispute arose out of an enforcement of a writ of execution issued to seize property owned by Appellant Larry Anders. Larry and his wife, Appellant Nesa Anders, brought an array of state and federal claims against the law enforcement officers who executed the writ. The district court dismissed all claims, including the 42 U.S.C. § 1983 claims at issue on appeal. We AFFIRM.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

## BACKGROUND

In June 2021, a state court entered a final judgment in favor of CrossFirst and against Larry Anders. He appealed.[1] While the appeal was pending, a writ of execution was issued to satisfy the judgment valued at approximately $4.5 million. Larry accepted service of the writ at Appellee Chief Deputy Constable Mike Rumfield's office. Larry notified Rumfield that he did not possess any nonexempt property, and Rumfield told Larry that nonexempt property would be determined by the court.

The writ was addressed to "the Sheriff or any Constable of Any County of the State of Texas." It referred to the "goods and chattels, lands and tenements" of Larry and instructed execution within ninety days of issuance. The writ did not list specific property of Larry to be seized.

In October 2021, an armed and uniformed Rumfield arrived at the Anders' residence without prior notice. Only Nesa Anders, Larry's wife, was home. Rumfield told Nesa that he "had a few minutes" and "stop[ped] by" to "inventory [their] property." Although Nesa expressed hesitancy about Rumfield's presence, Rumfield refused to wait for Larry's arrival, and Nesa agreed to let Rumfield "look around."

After entering the Anders' home, Rumfield explained the execution and exempt property process. He called CrossFirst to confirm that it was prepared for retrieval of the Anders' property. Nesa notified Larry who then contacted his own attorneys. Larry's attorneys spoke with Rumfield over the phone and informed him that all of Larry's property was exempt and any property valuation must be performed by the court or a certified appraiser. Despite this conversation, Rumfield continued to seize Larry's property

---

[1] In December 2022, the state appellate court reversed and vacated the judgment against Larry Anders.

under the writ, explaining that he would stop if Larry obtained a court order instructing Rumfield to cease enforcement of the writ. Appellee Senior Deputy Constable Dan Barringer arrived to assist in the writ execution. Larry's counsel also arrived at the Anders' residence, reiterated the points made on the prior phone call, and informed Rumfield that the property was subject to a superior IRS lien. Rumfield responded that CrossFirst's counsel researched and could not find any tax liens on the property.

After approximately four hours, movers transported the property to a storage unit rented by CrossFit and Rumfield sent an inventory list of the seized property to Larry. The inventory list did not include the value of the seized property. The Anders hired a property appraiser who was not given access to the property to estimate value. Rumfield conducted a public auction and sold the property for less than $10,000.

The Anders sued Rumfield and Barringer (collectively, "the Constables") and CrossFirst for wrongful levy, conversion, conspiracy, abuse of process, and violations of the Fourth and Fourteenth Amendments of the United States Constitution and Article I, Section 9 of the Texas Constitution under 42 U.S.C. § 1983. Due to settlement between the Anders and CrossFirst, the district court dismissed all claims against CrossFirst and the conspiracy claim against the Constables. The Constables filed a motion to dismiss. The district court dismissed the Anders' wrongful levy, conversion, and § 1983 claims with prejudice. The Anders timely appealed.

## STANDARD OF REVIEW

This court reviews *de novo* a district court's grant of a Rule 12(b)(6) motion to dismiss, "accept[ing] all well-pled facts as true" and "construing all reasonable inferences in the complaint in the light most favorable to the plaintiff." *White v. U.S. Corr., L.L.C.*, 996 F.3d 302, 306–07 (5th Cir. 2021). A reviewing court does not accept as true "conclusory allegations,

unwarranted factual inferences, or legal conclusions." *Id.* at 307. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).

## DISCUSSION

The Anders appeal the dismissal of their § 1983 claims only.[2] The Constables argue that the dismissal of the Fourth and Fourteenth Amendment claims was proper because they are entitled to qualified immunity. We agree, therefore we do not reach the issue of quasi-judicial immunity.

"Qualified immunity shields government officials from liability when they are acting within their discretionary authority and their conduct does not violate clearly established statutory or constitutional law of which a reasonable person would have known." *Cherry Knoll, L.L.C. v. Jones*, 922 F.3d 309, 318 (5th Cir. 2019). Defendants "must first satisfy [their] burden[s] of establishing that the challenged conduct was within the scope of [their] discretionary authority." *Id.* The burden will then shift to the plaintiff to rebut the qualified immunity defense. *Id.*

---

[2] The Anders devote almost no briefing to their § 1983 claim under the Texas Constitution. Regardless, § 1983 cannot be used to "bootstrap alleged violations of state law into federal claims." *Bush v. Viterna*, 795 F.2d 1203, 1209 (5th Cir. 1986) ("[W]henever a cause of action is alleged under § 1983, the first question must be whether a federally secured right has been affected."). Therefore, this claim was properly dismissed.

## I.    Discretionary Authority

"An official acts within his discretionary authority when he performs non-ministerial acts within the boundaries of his official capacity." *Id.* This court looks to state law to determine whether an official was acting within the scope of his duties. *Sweetin v. City of Tex. City*, 48 F.4th 387, 392 (5th Cir. 2022). "If an action involves personal deliberation, decision and judgment, it is discretionary; actions which require obedience to orders or the performance of a duty to which the actor has no choice, are ministerial." *City of Lancaster v. Chambers*, 883 S.W.2d 650, 654 (Tex. 1994).

The Anders do not challenge the validity of the writ but rather the way that the writ was executed. State law governing the execution of a writ demonstrates a level of discretion on part of the officer. "If the property of the principal cannot be found that, *in the opinion of the officer*, is sufficient to satisfy the execution, the officer shall levy first on the principal's property that can be found and then on as much of the property of the surety as is necessary to satisfy the execution." Tex. Civ. Prac. & Rem. Code § 34.005(b) (emphasis added). "An officer receiving a writ of execution *may* return the writ after the first levy, or attempted levy, if the judgment creditor cannot designate any more executable property currently owned by the judgment debtor at the time of the first levy or first attempted levy." *Id.* § 34.072(a) (emphasis added). "[A]n attempt to levy on property *may* begin any time during the life of the writ, provided that the officer shall allow enough time for completing the sale of the property." *Id.* §34.072(b) (emphasis added). Case law supports this contention. In *Hernandez v. Sommers*, a Texas Court of Appeals determined that a constable executing a writ of possession ultimately performed a discretionary function. 587 S.W.3d 461, 470 (Tex. App.—El Paso 2019, pet. denied). "While [the constable] did not have discretion to refuse to execute the writ, the manner in which she executed the writ involved her personal judgment and discretion." *Id.*

5

Here, the writ did not specify the exact timing of execution, providing for a 90-day timeframe. It did not specify what property of Larry Anders to levy, referring generally to "goods and chattels, lands and tenements." The Constables were required to exercise a measure of discretion to effectively levy Larry's property pursuant to the writ. Therefore, they have met their burden of showing that their challenged conduct was within the scope of their discretionary authority.

## II.    Fourth Amendment

The burden now shifts to the plaintiff to rebut the qualified-immunity defense. *Cherry Knoll*, 922 F.3d at 318. At the motion-to-dismiss stage, the plaintiff must allege "facts sufficient to plausibly show that (1) the defendant's conduct violated a constitutional right and (2) the constitutional right was clearly established at the time of the alleged misconduct." *Harmon v. City of Arlington*, 16 F.4th 1159, 1163 (5th Cir. 2021). The court is "permitted to exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236, 129 S. Ct. 808, 818 (2009).

The Anders argue that the Constables violated their Fourth Amendment rights to be free from unreasonable searches and seizures by 1) entering their home without a warrant and without consent, 2) searching their home without a warrant, and 3) seizing their property without a warrant.

Our analysis begins and ends with whether the Constables violated a "clearly established" right. "A right is clearly established only if relevant precedent 'ha[s] placed the . . . constitutional question beyond debate.'" *Morrow v. Meachum*, 917 F.3d 870, 874 (5th Cir. 2019) (alterations in original) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741, 131 S. Ct. 2074, 2083 (2011)). When evaluating precedent, courts must not "define clearly established law

at a high level of generality." *Mullenix v. Luna*, 577 U.S. 7, 12, 136 S. Ct. 305, 308 (2015) (quoting *al-Kidd*, 563 U.S. at 742, 131 S. Ct. at 2084). Rather, "we must frame the constitutional question with specificity and granularity." *Morrow*, 917 F.3d at 874–75. A defendant's violation of a right does not defeat qualified immunity "unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it.'" *Rogers v. Hall*, 46 F.4th 308, 312 (5th Cir. 2022) (quoting *Plumhoff v. Rickard*, 572 U.S. 765, 778–79, 134 S. Ct. 2012, 2023 (2014)). The Supreme Court has provided three ways that a constitutional right, defined with adequate particularity, can be clearly established: (1) by controlling authority, (2) by a robust consensus of persuasive authority, *al-Kidd*, 563 U.S. at 742, 131 S. Ct. at 2084, or (3) the violation is obvious, *Hope v. Pelzer*, 536 U.S. 730, 741, 122 S. Ct. 2508, 2516 (2002). *Ramirez v. Killian*, 113 F.4th 415, 422 (5th Cir. 2024) (recognizing the three ways to meet the clearly established prong).

The Anders point to no case holding that officers violated the Fourth Amendment in the process of levying property pursuant to a valid writ of execution.[3] "For search and seizure claims, the Supreme Court has

---

[3] The Anders cite to seven cases in their argument, none of which resemble the present case. *See, e.g.*, *Illinois v. Perkins*, 496 U.S. 292, 110 S. Ct. 2394 (1990) (an undercover agent obtained incriminating statements from suspect while incarcerated); *Von Derhaar v. Watson*, 109 F.4th 817 (5th Cir. 2024) (without a court order, a supervisor of a state crime lab entered the home of an employee); *United States v. Bass*, 996 F.3d 729 (5th Cir. 2021) (officers searched the trunk of a vehicle after it was opened by the suspect); *United States v. Howard*, 106 F.3d 70 (5th Cir. 1997) (without a court order, DEA agents entered the home of a suspect to avoid destruction of evidence and harm to law enforcement and then searched the home with the suspect's consent); *United States v. Ponce*, 8 F.3d 989 (5th Cir. 1993) (officers searched the suspect's vehicle and person after receiving consent to do so during a stop); *United States v. Olivier-Becerril*, 861 F.2d 424 (5th Cir. 1988) (Border Patrol agents searched the trunk of a suspect at a border checkpoint); *United States v. Tweel*, 550 F.2d 297 (5th Cir. 1977) (IRS agents obtained tax records by allegedly misrepresenting the nature of the tax audit).

cautioned that 'courts should define the clearly established right at issue on the basis of the specific context of the case.'" *Von Derhaar*, 109 F.4th at 827 (quoting *Tolan v. Cotton*, 572 U.S. 650, 657, 134 S. Ct. 1861, 1866 (2014)). Even defined at a level of generality inappropriate for qualified immunity, the Anders cannot show that the law is clearly established in this Fourth Amendment context for entry, search, or seizure of property.

Nor can the Anders show that the Constables' violation was obvious. The Constables entered the home, searched for personal property, and seized personal property pursuant to a writ of execution, the validity of which the Anders do not challenge. *See Soldal v. Cook Cnty.*, 506 U.S. 56, 71, 113 S. Ct. 538, 549 (1992) (noting that when "officers [act] pursuant to a court order," "a showing of unreasonableness . . . would be a laborious task."). Rumfield stated that he was at the Anders' home to inventory the property. Rumfield explained the execution process and property exemption laws upon entry. The Anders argue that the Constables should have ceased levying because they were informed that all the property was either exempt from levy or subject to a superior lien. However, it would be ludicrous to expect the Constables to stop levying at the mere word of the judgment debtor, his wife, or his attorneys. Rumfield was willing to stop at the direction of a court order. The Constables' enforcement of the writ may not have been perfect, but it is far from "beyond debate" that "any reasonable officer" would have known that he was in violation of the Anders' Fourth Amendment rights.

## III.  Fourteenth Amendment

The Anders also argue that the Constables violated their Fourteenth Amendment rights. The Anders' deficient briefing forfeits this argument. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument . . . by failing to adequately brief the argument on appeal."). They fail to identify which right under the Fourteenth

No. 25-40387

Amendment that the Constables allegedly violated and fail to cite a single case, let alone a case that shows the relevant Fourteenth Amendment right is clearly established.  On either forfeiture or clearly established law grounds, the Anders cannot show that the Constables are not entitled to qualified immunity.

For the foregoing reasons, the Anders' § 1983 claims fail.  We AFFIRM the district court's dismissal.